UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 9:08-818-TLW-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) REPORT AND |
| | ) RECOMMENDATION |
| vs. | ) |
| | ) |
| Brian Scott; and Maximus Correctional Services, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina

Department of Corrections, but has since been released. Plaintiff files this action *in forma pauperis*

under 28 U.S.C. § 1915. The complaint names Maximus Correctional Services and Brian Scott,

possibly an employee of Maximus Correctional Services. The allegations against the Defendants appear

to be related to Plaintiff's participation in the Home Incarceration Program, ordered as part of his

sentence in his state criminal case. Plaintiff seeks monetary damages. Complaint at 10.[2] The complaint

should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §

1915(e)(2)(B)(ii).

### *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the

*pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the documents referenced in this report are the page numbers assigned by the docketing system found at the top of each page of the document on the docket.

conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*,

574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without paying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a

district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97

(1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449

U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, a *pro se* complaint is

subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means

that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never

presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

1985).

### Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004.[3] Plaintiff was

---

[3] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's contemporaneously filed case No. 9:08-742-

sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

In March 2008, Plaintiff submitted a confusing array of documents to the Court in several different envelops, which, once sorted, appeared to be separate complaints against various defendants.[4] Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint form or captioned page. This Court construed the documents submitted as seven separate cases and grouped the apparent random documents into the seven cases.[5] In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis.* On May 5, 2008, orders were issued in each case permitting Plaintiff to bring the case into proper form by providing the filing fee or *in forma pauperis* motion. The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

The complaint in this case names two Defendants apparently related to Plaintiff's home incarceration that was ordered in the sentence imposed in Plaintiff's state criminal case. The complaint

---

TLW. A district court may take judicial notice of materials in the court's own files from prior proceedings. *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

[4] To confuse matters further, several service documents were interspersed throughout the papers, often with no relation to the documents to which they were attached.

[5] The case numbers for the seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

appears to allege Defendant Scott works for Defendant Maximus Correctional Services, Complaint at 2, and was the agent assigned to enroll and then monitor Plaintiff in the Home Incarceration Program. Complaint at 5. The complaint seeks monetary damages. Complaint at 10.

### Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983 (§ 1983). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### I. Failure to State a Claim

The first requirement to state a claim under § 1983 is that the defendant act under color of state law. The complaint in this case does not clearly establish that the Defendants acted under color of state law. Defendant Maximus Correctional Services appears to be a private company, possibly contracting with the County to provide services in relation to the home incarceration program. Further, if Defendant

4

Scott is an employee of the private company he is not a government employee acting under color of state law. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). To act under color of state law for purposes of § 1983, an individual's action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The complaint fails to allege facts that establish a sufficiently close nexus between the state and the challenged action so that the action of the Defendants may be fairly treated as that of the state itself. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (sufficiently close nexus required). The complaint fails to establish the Defendants act under color of state law, thus fails to state a claim pursuant to § 1983.



Even if very liberal construction were to be applied to infer a sufficiently close nexus to establish government action under color of state law, the complaint fails to allege facts that give rise to an inference of the violation of Plaintiff's constitutional rights. The complaint in this case is ten pages of a mixture of brief narrative and lengthy repetitive legal statements that do not contain allegations that can be construed as a claim under § 1983. The complaint does not allege facts that convey how the Defendants have violated a constitutional right of Plaintiff, but simply states a few facts and makes conclusory statements that rights have been violated.

The only allegations against Defendant Maximus Correctional Services appear to be as follows, verbatim:

5

> This action arises under the claims of neglect of duty as and public official for failer to report to the apporaite authority at a reasonable time frame of the inaccurate information his agency receided on the Plaintiff Harold Anderson for the Home Incarceration Prograhm HIP house arrest for the ankle braclet reguarding indictment #2004GS2306986 for a March 11, 2004 crime date for distribution of crack cocaine for a March 11, 2004 crime date fraud and conespircery idinenty theif reguarding and October 13, 2004 violation date reguarding and October 13, 2004 violation date inposed by Judge Edward W. Miller Chief Judge for the 13 Judicial Circuit.

Complaint at 2. The complaint makes no further allegations against Defendant Maximus Correctional Services, as the remainder of the complaint, except for the request for monetary damages, references only Defendant Scott. The complaint's factual allegations against Defendant Scott, are as follows, verbatim:

> Defendant Brian Scott deliberate and intentionally came to the Greenville county Dnention Center at 20 McGee Street Greenville South Carolina 29601 who was my agent at the time for the Home incarceration prograham HIP house arrest to see me reguarding this prograham and to put me on theis prograham reguarding the ankle bracelt on October 7, 2004, at 8:00 am. And the indivual I had to report to reguarding this prograham as well at 902 North Church Street Greenville South Carolina 29601.

Complaint at 5. The complaint makes no other factual allegations against Defendant Scott. This brief narrative is followed by legal conclusions, such as the following:

> Defendant Brian Scott has committed wrong under color of law to cause Harold Anderson Plaintiff defamate of character, emotionally, pain, and suffering the Defendant Brian Scott has committed wrong under color of law to violated funamental principles of fairness, embodied in the United States Constitutional the Defendant Brian Scott is not immune for suit when he acted with deliberate indifference misusing his authority [cite/quote omitted]. This is a violation of 5[th] Adment right to USC And.

Complaint at 5. Further legal conclusions are stated, but no further facts are provided. The facts provided simply state Defendant Scott's role, but do not point out any action that violated a federal right. Similarly, the allegations against Defendant Maximus Correctional Services for "neglect of duty" do not indicate violation of a federal right. The complaint fails to explain how the factual allegations are actions by the Defendants which violate Plaintiff's constitutional rights.

The complaint's general claim that rights have been violated does not state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v.*, _U.S._, 127 S.Ct. 1955, 1974 (2007). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The allegations in the complaint in this case fail to demonstrate the violation of Plaintiff's constitutional rights. This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).



## II. Pendant Jurisdiction Over State Claims

Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S.

381, 387 (1998). Even if the complaint was liberally construed to state a claim based on state law, such as defamation, the Court should decline to consider the state law claims alone. Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the complaint fails to state a federal claim under § 1983, over which the Court would have original jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

## **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.

August **19**, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).